J. R. Swan, J.
No doubt the rights of these parties could be readily adjusted, and upon just principles, in a court of equity. Our inquiry now is : What are their rights at law?
I. Can McAfferty and Stimpsons be permitted to show that, by the call in their deed of “ the southeast corner of the Chambers tract,” they and Conover meant and intended the corner made by the then recent survey.
Nothing is more common, upon the trial of eases to settle conflicting boundaries, than the admission of parol evidence of third persons, and proof of the declarations of the parties in interest, in relation to corners. In the application of the description of land in a'deed, to the land itself, the fact whether the monuments found thereon are identical with those mentioned in the deed, is always the subject of parol evidence. And, when *the calls of the deed, and the objects found on the land, render it uncertain which of the objects found were called for, parol evidence, the admissions of the parties, or other extraneous circumstances may be proved, to show which of the objects were in fact called for by the deed. In such case, there is a latent ambiguity arising in pais, and to be settled by proof in pais. Nor does such proof contradict the description in the deed. It simply aids in its interpretation, and gives application to its description of the land. But where there is a call in a deed, which was in fact not intended by the parties, and is found, and is unambiguous, the intention of the parties can not be made to take the place of the call; for if this could be done, titles and lands would be transferred by the intention of parties, and not by deed. Effect will be given to the intention of the parties, in respect to calls, only where the words of description they employ will admit of it, and are not inconsistent with the intention proved; further than this, a court of law can not go; beyond this, is the region of equitable jurisdiction, under the head of mistake.
In this case it was admitted as matter of fact, on the trial and by the bill of exceptions, that “the southeast corner of the Chambers tract ” is on the county road: the controlling corner of the land described and conveyed by the deeds of McAfferty and *94 Stimpsons to Conover; and the only locative call in the deeds. This admission precludes any doubt as to where the southeast corner of the Chambers tract is; sets at rest any question of latent ambiguity; so that, if the proof of the intention of the parties to the deeds, is received and acted upon, it would contradict this call and transfer all the calls of the deed from the south side of the county road into the Chambers tract. Such a transition of a tract of land can not be made by proof of intention, in contravention of the calls of a deed. It is very clear that Conover made a mistake when he purchased from McAfferty and Stimpsons his own lands; and that MeAfferty and Stimpsons made a mistake in conveying to Conover their own lands south of the county road.
II. It is claimed that Conover made' a new southeast corner for the Chambers tract, represented the same to be the true corner, *and induced the plaintiffs in error to act on that representation ; and hence, Conover is estopped, by his own acts and admissions, from denying that the new corners are the true corners.
As a general rule, a party will be concluded from denying his own acts or admissions, which were expressly designed to influence the conduct of another, and did so influence it, and when such denial will operate to the injury of the latter.
Estoppels by deed or by matter of record, sometimes conclude the party without any reference to the moral qualities of his conduct. But estoppels 'in pais are not allowed to operate, except where, in good conscience and honest dealing, the party ought not to be permitted to gainsay his admission. Commonwealth v. Moltz, 10 Penn. 531. And, in general, the act or declaration of the party must be willful, that is, with knowledge of the facts upon which any right he may have must depend, or with an intention to deceive the other party. Copeland v. Copeland, 28 Me. 525 ; Tilghman v. West etal., 8 Ired. 183. Thiskindof estoppel was first established by courts of equity; and has since been extended to courts of law.
It is founded on fraud. There are implied wai’ranties and implied guaranties which are enforced, not as estoppels in pais, but as contracts, and in which the question of fraud or fair dealing may or may not be involved. Whether it be a rule .without exception, that an estoppel in pais must always be accompanied with the willful act or declaration of the party upon whom it is to operate, we do not decide; but we do hold that such act or declaration should be willful, to operate as a forfeiture of lands.
*95 Thus where the true lines are in fact unquestionable, and parties by mistake agree upon an erroneous line as their boundary, and suppose the line agreed upon to be their true line, and fence to it, their acts and declarations do not operate in the nature of an estoppel. A party will not forfeit his estate by a mere mistake; nor can the statute of frauds be thus evaded. Something more is required to transfer the title. If there has been acquiescence, adverse possession, and improvements made in accordance with such erroneous line, under such circumstances *as that the owner is chargeable with gross negligence amounting to fraud, an estoppel in pais may probably permanently establish the erroneous line.
There is another class of cases where the line between owners of land can not with certainty be ascertained; and because uncertain, they agree upon and establish the line. Such agreement settles the line; not by estoppel, but by agreement.
In the case before us, the corners of the Chambers tract were in fact indisputable. The parties acted under an honest mistake, without fraud or intentional deception. Declarations thus made do not operate in the nature of an estoppel to forfeit the title to land.
It is proper to remark, that the deeds made by McAfferty and Stimpsons, describe and convey on their face a strip of land, and the proofs of the acts and parol declarations of Conover would, if an estoppel in pais, convey another and different strip of land. A title to an entire tract of land dependent upon the establishment by parol proof of the acts and parol declarations of a third person, is not quite as certain and convenient a title as the law has in general so wisely provided for by deed and record. And this at least shows that the doctrine of estoppel in pais, however safe in courts of equity, should be carefully and cautiously applied to titles at law.
On the whole, we are of the opinion that in this case one tract of land-was conveyed by mistake instead of another; and‘the mistake can not be corrected at law by jiroof of the intention of the parties; and that under the circumstances of this case and their relations growing out of mutual mistakes as to the purchase and the deed, justice and good faith does not require the application of the law of estoppel in pais to the conduct and declarations of Con-over.

Judgment of the district court affirmed

Bartlet, C. J., and Brinkerhoee and Bowen, JJ., concurred.
Scott, J., having formerly been of counsel, did not sit.